■ PELLIGRINO A. GRISAFI, as Administrator of the Estate of VALERIE K. GRISAFI, Deceased, et. al., Respondents, v. BENJAMIN RUBINSTEIN, Appellant.— In an action to recover damages for the wrongful death of the intestate and for funeral expenses arising out of alleged malpractice, the appeal is from so much of an order which granted a motion made pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, to dismiss the amended complaint for lack of prosecution, as conditioned the dismissal on the failure of respondents to serve and file a note of issue placing the case on the calendar for the September, 1958 Term. Order modified

by striking from the ordering paragraph everything after the words "is granted". As so modified, order insofar as appealed from affirmed, without costs. Issue was joined by the service of an amended answer on March 1, 1956. The motion to dismiss was returnable in March, 1958 and was argued on July 1, 1958. No attempts were made to place the case on the calendar prior to the determination of the Special Term. In view of the facts that there was no affidavit of merit, that no attempt was made to show merit in the action, and that no attempt was made to show that respondents were prepared to show merit on the trial, it was an improvident exercise of discretion not to have granted the motion unconditionally. Nolan, P. J., Wenzel, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to reverse the order and to remit the motion to the Special Term for further proceedings as indicated in the following memorandum: This is a death action. Respondents should not be deprived of their day in court by reason of their former attorney's neglect. Moreover, there was no showing of prejudice to appellant. Respondents should have the opportunity to submit an affidavit of merit and to state whether they now have the medical testimony to support their claim.